**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                    )
GEORGE JUNIOR ANDERSON,             )
LAURIE ANDERSON, a/k/a              )
LAURIE BLAKE,                       )
                   Plaintiffs,      )
                                    )
v.                                  )    Civil Action
                                    )    No. 15-14187-PBS
NATIONSTAR MORTGAGE, LLC,           )
CAPTIAL ONE, N.A.,                  )
                   Defendants.      )
_____)
```

**MEMORANDUM AND ORDER**

March 25, 2016

Saris, C.J.

**INTRODUCTION**

The original plaintiffs, homeowners George and Laurie Blake,[1] filed this wrongful foreclosure action against the defendants—mortgage holder, Nationstar Mortgage, and subsequent purchaser, Capital One—alleging that the defendants failed to strictly comply with the statutory notice and sale requirements relating to non-judicial foreclosures such that the foreclosure sale of their property should be voided. The plaintiff further

---

[1] In George Anderson's motion for leave to amend, he asks that his former wife, Laurie Anderson, be removed from this case since she no longer has an ownership interest in the property. Docket No. 18 at 3. For the remainder of this order, I will refer to George Anderson as the plaintiff.

1

asks this Court for leave to amend his complaint because of newly discovered default notices sent by a former mortgagee and loan servicer and, in his proposed amended complaint, he alleges that the defendants failed to provide him sufficient notice of his opportunity to cure default. The defendants respond that they have appropriately complied with all statutory requirements for a non-judicial foreclosure and oppose any amendment to the complaint as futile. After hearing, this Court **ALLOWS** the defendants' motion to dismiss (Docket No. 7)[2] and **DENIES** the plaintiff's motion for leave to amend his complaint (Docket No. 18).

## FACTUAL BACKGROUND

The facts are taken from the plaintiff's complaint except where otherwise noted and are treated as true for the purposes of this motion to dismiss.

The plaintiff, George Anderson, is the current resident and former owner of a home in Randolph, Massachusetts. On June 3, 2005, Anderson executed a mortgage with Lehman Brothers Bank,

---

[2] In his opposition, the plaintiff voluntarily dismissed Counts III-VI of his complaint. Docket No. 16 at 1. In a post-hearing notice to the Court, the plaintiff voluntarily dismissed Count II of his complaint. Docket No. 22 at 1. In this Order, the Court will address Count I, Mortgage Power of Sale, dealing with the plaintiff's claims that the defendants have wrongfully foreclosed on his property. Count VII, Quiet Title, is wholly dependent on whether Count I survives the defendants' motion to dismiss.

2

with Mortgage Electronic Registration Systems, Inc. (MERS), serving as the lender's nominee. The mortgage instrument stated: "Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with the power of sale, the following described property." Docket No. 8, Ex. 3 at 4. Later on, the instrument reads: "Borrower understands and agrees that MERS holds only legal title to the interests granted by the Borrower . . . [and] has the right to exercise any or all of those interests including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender." Id. Paragraph 22 of the mortgage instrument states:

> Acceleration Remedies: <u>Lender</u> shall give notice to Borrower prior to acceleration . . .
>
> If the <u>Lender</u> invokes the STATUTORY POWER OF SALE, <u>Lender</u> shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law. <u>Lender</u> shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law.

Docket No. 8, Ex. 3 at 14 (emphasis added).

On December 26, 2008, MERS assigned its rights with respect to the subject matter mortgage to Aurora and recorded this "Assignment of Mortgage" in the land registry. On June 25, 2012, Aurora assigned its rights to the subject matter mortgage to the defendant Nationstar and recorded this "Assignment of Mortgage" in the land registry. The plaintiff alleges that the entire

3

subject matter mortgage was assigned from MERS to Aurora to Nationstar, making Aurora and Nationstar the "successors and assigns" of MERS pursuant to the mortgage instrument. At some point, ING Direct assumed the role of mortgage "lender" and, on November 1, 2012, Capital One became the owner of all assets of ING Direct, including the plaintiff's mortgage note, making Capital One the "lender" under the terms of the mortgage instrument.

On March 16, 2015, Nationstar sent the plaintiff a notice of intent to foreclose on the mortgage and a notice of the foreclosure sale. The notice stated that the date of the sale would be April 1, 2015, but the sale date was later rescheduled to August 4, 2015. Nationstar published notice of the foreclosure sale. According to the plaintiff, at the time Nationstar sent the notice of foreclosure, it was merely the loan "servicer" rather than the "lender" as required by the terms of the mortgage. Capital One was the "lender" at the time of foreclosure and the proper party to send the required notices, and it failed to do so.

On March 18, 2015, Nationstar caused an order of notice of foreclosure to be filed with the Massachusetts Land Court. In response, on July 30, 2015, the plaintiff filed his first case against Nationstar alleging wrongful foreclosure of the

property.[3] Anderson voluntarily dismissed the case on September 14, 2015. On August 4, 2015, Nationstar foreclosed on the mortgage and sold the property to Capital One at the foreclosure auction. On September 11, 2015, Nationstar conveyed the property to Capital One via foreclosure deed. Capital One recorded this deed in the public registry on September 22, 2015. On November 24, 2015, the plaintiff filed the present action in Massachusetts Superior Court and it was removed on December 21, 2015.

## DISCUSSION

### I.   Rule 12(b)(6) Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, the factual allegations in a complaint must "possess enough heft" to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels [the court] to draw on [its]

---

[3] Anderson v. Nationstar Mortg. LLC, No. 15-cv-13244-FDS (D. Mass. Sept. 14, 2015).

5

judicial experience and common sense." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (internal quotation marks omitted).

The court will "accept as true all well-pleaded facts set forth in the complaint and draw all inferences therefrom in the pleader's favor." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 5 (1st Cir. 2011)). This highly deferential standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). A complaint is susceptible to dismissal for failure to state a claim if it does not contain factual allegations "respecting each material element necessary to sustain recovery under some actionable legal theory." Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); see also Feingold v. John Hancock Life Ins. Co. (USA), 753 F.3d 55, 57 (1st Cir. 2014).

II. **Mortgage Power of Sale**

The plaintiff alleges that the actual "lender," Capital One, never sent the required notices of default and foreclosure and that any notices sent by Aurora and Nationstar did not

6

strictly comply with the mortgage instrument because these entities were merely loan "servicers." The defendants respond that there is no strict requirement that the "lender" personally send the required notices and that, at the time Aurora and Nationstar sent the required notices, these entities were the assignees of MERS having full power of sale under the mortgage instrument.

"Massachusetts does not require a mortgage holder to obtain judicial authorization to foreclose on a mortgaged property." U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 49 (Mass. 2011). "[A] mortgage holder can foreclose on a property . . . by exercise of the statutory power of sale, if such a power is granted by the mortgage itself." Id. "Recognizing the substantial power that the statutory scheme affords to a mortgage holder to foreclose without immediate judicial oversight," the Supreme Judicial Court adheres to the "familiar rule that 'one who sells under a power [of sale] must follow strictly its terms.'" Id. at 49-50 (quoting Moore v. Dick, 72 N.E. 967, 969 (Mass. 1905)) (alterations in original). "[T]he failure to do so results in 'no valid execution of the power, and the sale is wholly void.'" Pinti v. Emigrant Mortg. Co., 33 N.E.3d 1213, 1218 (Mass. 2015) (quoting Id. at 50) (requiring

"strict adherence to the notice of default provisions" in paragraph 22 of the mortgage).

The main issue in dispute is whether the actual "lender" must send the notices of foreclosure and default to the borrower in order to "strictly comply" with paragraph 22 of the mortgage instrument. Construing an identical mortgage provision to the one at issue here, the court in Galvin v. United States Bank National Ass'n held: "Paragraph 22 does not require the lender to personally send the default notice." No. 14-14723-RGS, 2015 WL 1014549, at *4 (D. Mass. Mar. 9, 2015). It ruled that even though the sender of the default notice was the loan servicer, "a plain reading of the mortgage" authorized the servicer to act on behalf of the lender. Id.; see also Armand v. Homecomings Fin. Network, No. 12-10457-LTS, 2012 WL 2244859, at *5 (D. Mass. June 15, 2012) (holding that language giving MERS the right to foreclose and sell the property plainly authorized MERS and MERS's successors to execute the power of sale); Fed. Nat'l Mortg. Ass'n v. Rogers, No. 13–ADMS–10025, 2015 WL 2000845, at *4 (Mass. App. Div. Apr. 7, 2015) (ruling that when "the only claimed defect was that the notice to cure letters were given by the mortgage servicer," such a claim does not invalidate a foreclosure sale); Citibank, N.A. v. Glowack, No. 12 MISC 469108 (HPS), 2015 WL 9467349, at *6 (Mass. Land Ct. Dec. 23, 2015) (finding that "the giving of the notice of default by AHMSI, the

loan servicer . . . may not serve as a basis for determining the foreclosure sale . . . to be void"). But see Paiva v. Bank of N.Y. Mellon, No. 14-cv-14531-ADB, 2015 WL 4746411, at *2-3 (D. Mass. Aug. 11, 2015) (appeal pending) (invalidating a foreclosure sale where the loan "servicer" sent the default notice because "[t]he language of paragraph 22 is clear and unequivocal as to who must give the required notice of default to the borrower: Lender must do so").

The plain language of the mortgage instrument states that MERS had the full power of sale: "Borrower understands and agrees that MERS . . . has the right to exercise any or all of those interests including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender." Docket No. 8, Ex. 3 at 4. MERS assigned all of its rights under the mortgage instrument to Aurora and Aurora assigned all of its rights to Nationstar. As MERS's successors, Aurora and Nationstar were entitled to take all actions incident to the mortgage agreement including exercising the power of sale through foreclosure. The plaintiff's argument, that the foreclosure sale is void merely because Aurora and Nationstar were not the "lenders" under the mortgage instrument, fails. Therefore, Counts I and VII, the only remaining counts in the

9

plaintiff's original complaint, fail to state a claim and will be dismissed.[4]

### III. **Motion for Leave to Amend**

In their motion to dismiss, the defendants attached two notices of default and loan acceleration sent on February 24, 2009, by Aurora, MERS's successor, to Anderson and his ex-wife. According to the letters, the plaintiff was in default over $18,000 and had ninety days to cure this default. Docket No. 8, Ex. 5 at 4-5. The plaintiff moves for leave to amend his complaint based upon these newly discovered default letters and argues that the defendants violated M.G.L. ch. 244, § 35A by failing to send him another notice of default five years after the initial notice. The defendants oppose leave to amend and argue that the proposed new claim is futile and brought in bad faith.[5]

"Consent to file amended pleadings 'shall be freely given when justice so requires,' unless the amendment would be futile." Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "In assessing futility, the district court must apply the standard

---

[4] The defendants argue that any allegations that the default notice failed to strictly comply with paragraph 22 of the mortgage instrument should be rejected. Because the plaintiff does not press this argument, the Court will not address it.
[5] Because I have found that amendment would be futile, I need not address whether the plaintiff has acted in bad faith.

10

which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." Id.

> Section 35A states:
>
> Any mortgagor of residential real property located in the commonwealth, shall have a 90-day right to cure a default of a required payment . . . by full payment of all amounts that are due without acceleration . . . The right to cure a default of a required payment <u>shall be granted once during any 5-year period</u>, regardless of the mortgage holder.

M.G.L. ch. 244, § 35A (emphasis added). Section 35A is "designed to give a mortgagor a fair opportunity to cure a default before the debt is accelerated and before the foreclosure process is commenced through invocation of the power of sale." U.S. Bank Nat'l Ass'n v. Schumacher, 5 N.E.3d 882, 890 (Mass. 2014). In a post-foreclosure challenge based on a violation of § 35A, the borrower "must prove that the violation of § 35A rendered the foreclosure so fundamentally unfair that [he] is entitled to . . . the setting aside of the foreclosure sale for reasons other than failure to comply strictly with the power of sale provided in the mortgage." Id. at 891 (J. Gants, concurring). "After Schumacher, it is clear that Massachusetts law does not require strict compliance with § 35A." Cohen v. Fed. Nat'l Mortg. Ass'n, No. CIV.A. 13-40100-TSH, 2014 WL 1327457, at *1 (D. Mass. Mar. 28, 2014).

There is no caselaw supporting the plaintiff's argument that § 35A requires a lender to send a new notice of default

11

every five years. The Massachusetts Land Court has held that § 35A "prevents borrowers from repetitively requesting notice to make the process more difficult for the mortgagee." <u>Conti v. Wells Fargo Bank, N.A.</u>, No. 11 MISC 456834 AHS, 2012 WL 2094375, at *4 (Mass. Land Ct. June 11, 2012). The statute does not require that foreclosure proceedings be completed within five years of the notice. <u>Cruz v. Bank of N.Y. Mellon Trust Co., Nat'l Ass'n</u>, 32 N.E.3d 370, 2015 WL 3794853, at *2 (Mass. App. Ct. June 19, 2015) (unpublished) (where foreclosure occurred five years and nine days after the notice). The statute does give borrowers the right to cure once every five years, but the plaintiff must still "allege that [he] sought or was willing to cure his default" after the five year time period ended. <u>Id.</u>

Even if a new notice is required at the start of the new five-year period, to survive a motion to dismiss in the post-foreclosure context, the plaintiff must plead that the violation of § 35A rendered the foreclosure process fundamentally unfair. The plaintiff has failed to do so because he has not alleged he

has the ability to cure his arrearage.[6] I deny the plaintiff's motion to amend as futile.

## ORDER

This Court **ALLOWS** the defendants' motion to dismiss (Docket No. 7) and **DENIES** the plaintiff's motion for leave to amend (Docket No. 18).

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge

---

[6] The defendants contend the plaintiff's arrearage has grown to over $100,000.